Chancellor Rutledge
delivered the decree of the court.
There are abundant reasons why the complainants are not entitled to any relief in this case. Because the fendant has positively denied the charge of duress,- and *628 as positively swears that it was by A. Inglis’s own desire ^hat he settled his debt with defendant, and gave his bond ^or^ amount freely and voluntarily, and there is noevi-dence to contradict his answer. None of the cases that have-been determined are applicable to this. For in those cases the defendants uniformly opposed the allowance of interest during the war, and refused to settle their debts on those terms, except G. and D. who signed stated accounts, allowing-interest, but they were British subjects, and the other partners who were citizens of this country refused to abide by their acts. Because A. In-glis having refused to take the-oath prescribed by law at the commencement of the revolution, left this state, and went to reside in Great Britain, as a British subject; he being banished by the act of 1782, and he could not have returned here, without being liable to be tried for a capital offence. That he continued a British subjéct, and was such at the time of signing this bond, being then in London, although he had permission to return under certain terms and conditions, which he had not then accepted. Because A. Inglis after his return to- this state, where he resided for several years, made no objections (that the court know of) to paying this bond; but it appears from the defendant’s answer, had considerable dealings with him, and drew bills on him to a large amount, which were regularly paid: Because it does not appear on the face of the bond, what part of it was for interest, if any; and it is impossible to discriminate principal from interest, without unravelling accounts contracted upwards of thirty years ago, and which have been settled, for any thing that appears to the court, to the satisfaction of all parties, upwards of twenty-four yqars since. Because all the creditors of Inglis in this suit have become so subsequent to the date of the bond to defendant, when he was a British subject. Because if complainants were really entitled to the relief prayed for, they had compleat and adequate remedy at law. That having neglected to make their defence in the -,Srst instance, and the court of law having refused ío se$ *629 aside the judgment on motion for that purpose, there is no ground for this court to interfere.
Bill must be dismissed with costs, to be paid out of the funds of Inglis-s estate, now in the bank.